MATTHEW P. LEWIS (SBN 155516)
mlewis@whitecase.com
JULIAN A. LAMM (SBN 284637)
jlamm@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

DAVID G. HILLE  (*Pro Hac Vice*)
dhille@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHARP CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>HISENSE CO., LTD.; HISENSE USA CORPORATION; HISENSE ELECTRIC CO., LTD.; and HISENSE USA MULTIMEDIA R&D CENTER, INC.; HISENSE INTERNATIONAL (HONG KONG) AMERICA INVESTMENT CO., LTD.; and DOES 1-100,<br><br>                    Defendants. | Case No. 4:17-cv-03341-YGR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>[Declaration of Mingfang Chen Filed Concurrently]<br><br>Date: August 15, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1<br>Judge: Yvonne Gonzalez Rogers |

# STATEMENT OF ISSUES

1. Whether jurisdiction following removal is evaluated by reference to the complaint and the parties at the time the notice of removal was filed.

2. Whether the entire case should remain in this Court after it was properly removed under the Foreign Sovereign Immunities Act.

3. Alternatively, whether federal question jurisdiction exists because Sharp's California Business and Professions Code Section 17200 claim is substantially predicated on violations of federal laws and regulations.

4. Alternatively, whether this Court should exercise supplemental jurisdiction over the remaining claims and parties after Sharp abruptly dismissed the foreign sovereign defendant (*i.e.*, Hisense Co., Ltd.), in an attempt to manipulate and evade federal jurisdiction.

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 3

    A. The Underlying Dispute and Pending Arbitration ..................................................... 3

    B. The State Court Complaints ...................................................................................... 3

    C. Hisense's Notice of Removal .................................................................................... 5

    D. Attempting To Evade Federal Court, Sharp Dismisses Hisense Co. ........................ 5

III. REMOVAL JURISDICTION IS EVALUATED AT THE TIME OF REMOVAL ............ 6

IV. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE FSIA ............. 8

V. ALTERNATIVELY, THE ACTION IS PROPERLY BEFORE THIS COURT ON FEDERAL QUESTION JURISDICTION ................................................................. 10

VI. AT A MINIMUM, THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING CLAIMS AND PARTIES ......................... 12

VII. CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ...................................................................................................................13

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009) ...................................................................................................................12

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ...............................................................................................................2, 12

*City of Chi. v. Int'l Coll. of Surgeons*,
  522 U.S. 156 (1997) ...................................................................................................................12

*Dean Witter Reynolds Inc. v. Byrd*,
  470 U.S. 213 (1985) ...................................................................................................................13

*Gillette v. Peerless Ins. Co.*,
  2013 U.S. Dist. LEXIS 108547 (C.D. Cal. July 31, 2013) ..........................................................8

*Hoekstra v. State Farm Gen. Ins. Co.*,
  2013 U.S. Dist. LEXIS 18849 (N.D. Cal. Feb. 12, 2013) ..........................................................11

*Int'l Ins. Co. v. Red & White Co.*,
  1994 U.S. Dist. LEXIS 18101 (N.D. Cal. Dec. 12, 1994) .......................................................1, 6

*Kruso v. Int'l Tel. & Tel. Corp.*,
  872 F.2d 1416 (9th Cir. 1989) .................................................................................................1, 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .......................................................................................................................13

*Nat'l Credit Reporting Ass'n v. Experian Info. Sols., Inc.*,
  2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004) ....................................................10, 12

*Nogueras-Cartagena v. Rossello-Gonzalez*,
  182 F.R.D. 380 (D.P.R. 1998) .....................................................................................................7

*Pac. Co. v. Haight*,
  126 F.2d 900 (9th Cir. 1942) .......................................................................................................7

*People of the State of Cal., ex rel Lockyer v. Dynegy, Inc.*,
  375 F.3d 831 (9th Cir. 2004) .....................................................................................................10

*Pullman Co. v. Jenkins*,
  305 U.S. 534 (1939) .....................................................................................................................6

*Rockwell Int'l Corp. v. United States*,
    549 U.S. 457, 127 S. Ct. 1397 (2007) ........................................................................................8

*Rubin v. Air China Ltd.*,
    2011 U.S. Dist. LEXIS 33942 (N.D. Cal. Mar. 21, 2011) ..........................................................9

*Salix Capital U.S. Inc. v. Banc of America Sec. LLC*,
    2013 U.S. Dist. LEXIS 181158 (S.D.N.Y. Dec. 30, 2013) .....................................................7, 8

*In re Surinam Airways Holding Co.*,
    974 F.2d 1255 (11th Cir. 1992) ..................................................................................................9

*Teck Metals, Ltd. v. Certain Underwriters at Lloyd's*,
    2010 U.S. Dist. LEXIS 44881 (E.D. Wash. Mar. 29, 2010) ....................................................12

*Teledyne, Inc. v. Kone Corp.*,
    892 F.2d 1404 (9th Cir. 1989) ....................................................................................................9

*United Farm Bureau Mut. Ins. Co. v. Metro. Human Relations Comm'n*,
    24 F.3d 1008 (7th Cir. 1994) ......................................................................................................6

*Williams v. Costco Wholesale Corp.*,
    471 F.3d 975 (9th Cir. 2006) ......................................................................................................6

*Yong Qin Luo v. Mikel*,
    625 F.3d 772 (2d Cir. 2010) .......................................................................................................6

## STATE CASES

*Berryman v. Merit Prop. Mgmt.*,
    152 Cal. App. 4th 1544 (2007) .................................................................................................10

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ..............................................................................................................10

## FEDERAL STATUTES

15 U.S.C. § 45 ....................................................................................................................................11

28 U.S.C. § 1330 ..........................................................................................................................5, 8, 9

28 U.S.C. § 1331 ..................................................................................................................................5

28 U.S.C. § 1367(c) ...........................................................................................................................12

28 U.S.C. § 1441(a), (d) ...............................................................................................................5, 8, 9

28 U.S.C. § 1446(c)(1) ........................................................................................................................2

28 U.S.C. § 1603 .............................................................................................................................5, 8

47 U.S.C. § 401(a) ...........................................................................................................................11

47 U.S.C. § 402(b) ...........................................................................................................................11

12 U.S.C. § 632 .................................................................................................................................7

47 U.S.C. § 151 ..........................................................................................................................5, 10

**FEDERAL REGULATIONS**

16 C.F.R., pt. 410 .......................................................................................................................5, 10

47 C.F.R. 15.109 .........................................................................................................................5, 10

**STATE STATUTES**

California Business and Professions Code § 17200 ...........................................................2, 4, 10

## I. INTRODUCTION

Plaintiff Sharp Corporation's ("Sharp") motion to remand smacks of continued gamesmanship. Sharp does not seek remand of its lawsuit based on the operative complaint that was removed to this Court. Instead, Sharp requests remand on the mistaken belief that it can avoid this Court's jurisdiction by dismissing a foreign defendant after the fact and acting as though its operative complaint never existed. That is not the law. Removal of this action was proper under the operative complaint and remains so. The Court should deny Sharp's motion to remand.

Sharp initiated this action by filing a complaint and a First Amended Complaint ("FAC") in state court. Defendant Hisense Co. Ltd. ("Hisense Co."), a party to both the original complaint and the FAC, is a Chinese company, wholly owned by the Chinese government. Hisense Co. timely removed the entire action to this Court under the Foreign Sovereign Immunities Act ("FSIA"), Dkt. Nos. 1, 9, and thereafter filed a motion to compel arbitration or, alternatively, to stay or dismiss the case. Dkt. No. 19. In response, Sharp dismissed the foreign-sovereign defendant in a misguided attempt to destroy federal jurisdiction over this action, incorrectly arguing that its post-removal dismissal of Hisense Co. divests this Court of jurisdiction and that the case should be remanded.

As an initial matter, this Court should disregard Sharp's dismissal of Hisense Co. in deciding the remand motion. The bright-line rule in the Ninth Circuit and this district is that "removal is determined by reference to the complaint *at the time the removal petition was filed.*" *Int'l Ins. Co. v. Red & White Co.*, No. C-93-0659 MHP, 1994 U.S. Dist. LEXIS 18101, at *5 (N.D. Cal. Dec. 12, 1994) (emphasis in original) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989)). Removal jurisdiction is not defeated by later changes or developments in the lawsuit, such as amendments to the causes of action or changes in parties. Sharp failed to mention this binding precedent.

Removal of the state court action was proper under the FSIA. The FSIA provides a complete and independent basis to remove the entire action. As set forth in the notice of removal, Hisense Co. is an "agency or instrumentality" of the Qingdao Municipal government, a political

- 1 -

1  subdivision of China.  Indeed, Sharp itself admits in its FAC that "Hisense is a Chinese

2  [c]ompany set up in 1969 by Qingdao governmental authorities."  FAC, Dkt. No. 9, ¶ 26.  As a

3  foreign state under the FSIA, Hisense is entitled to remove the *entire* state court action to this

4  Court, where it must remain.  Sharp's after-the-fact dismissal of Hisense Co. does not defeat

5  Hisense's grounds for removal or divest this Court of jurisdiction to hear the pending motion to

6  compel arbitration or dismiss.

7      In addition, federal question jurisdiction provides an independent basis for removal of the

8  claims against all defendants to this action.  Sharp's claims under California Business and

9  Professions Code section 17200 ("Section 17200") rely exclusively on alleged violations of

10  regulations and standards under the Federal Trade Commission Act and Federal Communications

11  Act.  Each of the alleged federal law violations are subject to the exclusive jurisdiction of the

12  federal courts.  As the FAC ultimately asks this Court to "declare that Defendants' conduct

13  violates the statutes referenced herein," this action necessarily requires an assessment as to

14  violations of federal law, which belongs in this Court.

15      Sharp continues to engage in games and tactics forcing the Defendants to incur

16  unnecessary attorney fees and expend resources. Sharp is pursuing this action in clear violation of

17  a mandatory arbitration provision and in disregard for a pending arbitration between Sharp and

18  defendant Hisense International (Hong Kong) America Investment Co., Ltd. ("Hisense

19  International").[1]  Sharp dismissed Hisense Co. in a transparent attempt to forum shop.  Both

20  Congress and the United States Supreme Court have expressly rejected parties' bad faith efforts

21  to work around or avoid federal jurisdiction in the removal context.  *See, e.g.*, 28 U.S.C. §

22  1446(c)(1); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  A motion to compel

23  arbitration or dismiss this action under the Federal Arbitration Act ("FAA") is pending, and this

24  Court should retain jurisdiction to adjudicate the pending motions.

25

26

---

27  [1] Hisense International filed a motion for sanctions against Sharp and its counsel for their
28  unjustified, improper, and legally baseless refusal to abide by Sharp's contractual obligation to arbitrate and its disregard of the pending arbitration.  Dkt. No. 20.

## II. STATEMENT OF FACTS[2]

### A. The Underlying Dispute and Pending Arbitration

Sharp and defendant Hisense International entered into a Trademark License Agreement ("TLA") on July 31, 2015, through which Sharp gave Hisense International the exclusive right to manufacture and distribute certain Sharp-brand televisions throughout the Americas (excluding Brazil) for a five-year period. Dkt. No. 19-1, Ex. A. In late 2016, following Sharp's acquisition by Foxconn Technology Group ("Foxconn"), Sharp and its new owner Foxconn publicly stated their intent to "undo" the TLA with Hisense International and take back full control of the Sharp brand. Dkt. No. 19-1, Ex. D at 101, ¶ 17; Ex. B at 38, ¶¶ 23-25. When Hisense International refused to relinquish its valuable rights under the TLA, Sharp vowed to "play it the hard way," and embarked on a sustained campaign to terminate the agreement.

Sharp quickly began manufacturing spurious grounds on which to terminate the TLA, and then purported to terminate the TLA on April 17, 2017. Dkt. No. 19-1, Ex. D at 101, 105-06. On April 24, 2017, under the arbitration provision of the TLA, Hisense International filed a notice of arbitration with the Singapore International Arbitration Centre ("SIAC") and sought emergency interim relief to set aside Sharp's attempt to terminate the TLA. Dkt. No. 19-1, Ex. B. After extensive written submissions and a hearing, an arbitrator in those proceedings issued an order on May 9, 2017, rejecting Sharp's attempt to terminate the TLA and requiring Sharp to treat the TLA as being in full force and effect. Dkt. No. 19-1, Ex. D. Sharp was also ordered to refrain from taking any actions to disparage or disrupt Hisense International's business under the TLA. Dkt. No. 19-1, Ex. D. The arbitration is on-going in Singapore.

### B. The State Court Complaints

Notwithstanding the pending arbitration and the interim order, Sharp has continued to disparage the Hisense brand, harass various Hisense entities and trading partners, and undermine the TLA. On May 9, 2017, only hours after the interim order was issued, Sharp filed this case in

---

[2] The facts here are drawn from the exhibits cited in the Declaration of David G. Hille, filed in support of Defendants' Motion to Compel Arbitration and Stay the Proceedings or, Alternatively, Dismiss the Action. Dkt. No. 19-1.

- 3 -

1   the Superior Court of California for the City and County of San Francisco and a virtually identical

2   action in the Supreme Court of the State of New York (the "New York Action").[3]

3         In an apparent effort to circumvent the arbitration provision and the arbitrator's interim

4   relief order, Sharp did not name the TLA signatory, Hisense International, as a defendant in its

5   initial complaint.  Dkt. No. 1, Ex. A.  Instead, Sharp named four Hisense affiliated entities that

6   were not signatories to the TLA or its arbitration provision.  And, notwithstanding the pending

7   arbitration or the order issued by the arbitrator that expressly precluded Sharp from disparaging

8   Hisense International or disrupting its business, Sharp's initial complaint raised the same

9   allegations already pending in the arbitration, couched as a single claim for violation of California

10  Business and Professions Code section 17200.

11        Sharp then changed counsel and filed its FAC on June 9, 2017.  In the FAC, Sharp

12  dropped any pretext of honoring the TLA's arbitration provision and the pending arbitration, and

13  named Hisense International as an additional defendant.  Sharp compounded its reckless

14  allegations regarding Hisense's sale of Sharp-brand televisions by adding two additional causes

15  of action—fraudulent concealment and rescission.  The allegations in the FAC arise out of or in

16  connection with the TLA, and involve the same facts and allegations at issue in the arbitration.

17  Indeed, the material allegations of the FAC are effectively a copy-and-paste job from the original

18  termination letter Sharp sent to Hisense International, and the arguments asserted by Sharp in the

19  pending arbitration.

20        Sharp named Hisense Co. as a defendant in both the initial complaint and the FAC.  Sharp

21  even added allegations to the FAC admitting Hisense Co.'s foreign-sovereign status: "Hisense is

22  a Chinese [c]ompany set up in 1969 by Qingdao governmental authorities."  FAC, ¶ 26.

23  Moreover, as the ultimate parent company of the Hisense group, all the material allegations in the

24  FAC appear to be directed specifically against Hisense Co., among other defendants.

---

[3] The New York Action was removed to the United States District Court for the Southern District of New York, Case No. 1:17-cv-04381. Sharp did not move to remand, but instead voluntarily dismissed the entire New York Action on June 15, 2017, two days after the Hisense defendants in that action wrote a letter to the court highlighting the frivolous nature of the case and seeking a conference with the court regarding defendants' intention to stay or dismiss the lawsuit.

**C.     Hisense's Notice of Removal**

On June 9, 2017, Hisense Co. timely removed this action to this Court under the FSIA. 28 U.S.C. §§ 1330(a), 1441(d), 1603. Dkt. No. 1. The FSIA independently provides grounds to remove the *entire* case to this Court. Hisense Co. set forth in its removal notice that it is an "agency or instrumentality" of a foreign state. Hisense Co. is a separate limited liability company, created pursuant to Chinese law, and wholly-owned by the State-Owned Assets Supervision & Administration Commission of Qingdao Municipal Government, a political subdivision of China. Declaration of Mingfang Chen ("Chen Decl."), ¶¶ 3-6.

As an alternative and independent basis in addition to the FSIA, and as set forth in its removal notice, Hisense Co. also removed the action based on federal question jurisdiction, under 28 U.S.C. §§ 1331 and 1441(a), because the claims in the FAC are substantially predicated on alleged violations of federal laws and regulations, including the Federal Trade Commission Act, 15 U.S.C §45(a)(1), 16 C.F.R., Part 410, and the Federal Communications Act, 47 U.S.C. §§ 151 *et seq.*, 47 C.F.R. 15.109.

Hisense Co. attached the initial complaint to its notice of removal on June 9, 2017. Dkt. No. 1. Unbeknownst to Hisense Co. at that time, Sharp also filed its FAC in state court on June 9, 2017. Given that Sharp's FAC continued to name Hisense Co. as a defendant, Hisense Co. filed a supplemental notice of removal reiterating the same FSIA grounds and attaching the FAC for this Court's reference. Dkt. No. 9. The FAC is the operative complaint in this action.

**D.     Attempting To Evade Federal Court, Sharp Dismisses Hisense Co.**

One week after filing the notice of removal, the Hisense defendants responded to the FAC by filing a motion to compel arbitration and stay the proceedings under the FAA or, alternatively to dismiss for failure to state a claim and for lack of personal jurisdiction. In connection with that motion, Sharp appeared before this Court and on June 20, 2017, filed a statement of non-opposition to defendants' motion to seal, Dkt. No. 30, and thereafter filed a joint stipulation to extend deadlines to respond to defendants' motion to compel arbitration or dismiss, Dkt. No. 32.

Meanwhile, Sharp and its counsel were apparently working on a scheme to try to divest this Court of jurisdiction. On June 30, 2017, Sharp first filed a notice voluntarily dismissing

1  Hisense Co. from this litigation.  Approximately ten minutes later, Sharp filed its motion to

2  remand, arguing that this Court should remand the case in light of the foreign-state defendant's

3  dismissal.

4  Sharp's tactics are clearly in bad faith, considering its motion fails to cite binding

5  precedent from this Circuit that establishes that motions to remand must be based on the operative

6  complaint as filed in the state court—not subsequent actions designed to forum shop or otherwise

7  wrongfully skirt federal court jurisdiction.  Moreover, if Sharp can so easily dismiss Hisense Co.

8  from this case (and dismiss the New York Action in its entirety), the veracity and sincerity of its

9  allegations against *any* of the defendants is highly questionable.

10  **III.   REMOVAL JURISDICTION IS EVALUATED AT THE TIME OF REMOVAL**

11  Hisense Co. properly removed this case based on the allegations and parties in the FAC,

12  but Sharp urges remand based on its abrupt voluntarily dismissal of the foreign-state defendant,

13  *after* this case was removed.  Sharp encourages this Court to apply an incorrect legal standard in

14  determining the Court's jurisdiction.

15  It has long been established that "removal is determined by reference to the complaint *at*

16  *the time the removal petition was filed." Int'l Ins. Co. v. Red & White Co.*, No. C-93-0659 MHP,

17  1994 U.S. Dist. LEXIS 18101, at *5 (N.D. Cal. Dec. 12, 1994) (emphasis in original) (citing

18  *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989)); *accord Pullman Co.*

19  *v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that the right to removal is to be "determined

20  according to the plaintiffs' pleading at the time of the petition for removal"); *Yong Qin Luo v.*

21  *Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (holding that a plaintiff "cannot seek to deprive a federal

22  court of jurisdiction" by subsequent changes "once the jurisdictional threshold has been

23  satisfied"); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have

24  long held that post-removal amendments to the pleadings cannot affect whether a case is

25  removable, because the propriety of removal is determined solely on the basis of the pleadings

26  filed in state court."); *United Farm Bureau Mut. Ins. Co. v. Metro. Human Relations Comm'n*, 24

27  F.3d 1008, 1014 (7th Cir. 1994) ("It is a fundamental principle of law that whether subject matter

28  jurisdiction exists is a question answered by looking to the complaint as it existed at the time the

1    petition for removal was filed."). As the cases illustrate, this bright-line rule applies in all
2    contexts (*i.e.*, federal question, diversity, CAFA, etc.).

3    District courts have correctly held that "logic compels us to conclude that a plaintiff may
4    not defeat removal jurisdiction by voluntarily dismissing one of the parties." *Nogueras-Cartagena
5    v. Rossello-Gonzalez*, 182 F.R.D. 380, 386 (D.P.R. 1998); *see also Pac. Co. v. Haight*, 126 F.2d
6    900, 903 (9th Cir. 1942) (abrogated on other grounds) ("Where a case has been properly removed,
7    jurisdiction over it will not be defeated by later changes . . . , such as changes in citizenship, *in
8    parties*, in the amount involved or in the cause of action pleaded.") (emphasis added).

9    *Salix Capital U.S. Inc. v. Banc of America Securities LLC*, 2013 U.S. Dist. LEXIS 181158
10   (S.D.N.Y. Dec. 30, 2013) is particularly instructive. There, in a set of consolidated cases before
11   the district court, defendants in each respective case had removed the action on two independent
12   grounds: the FSIA and federal question (under the Edge Act, 12 U.S.C. § 632). *Id*. at *7. After
13   removal, plaintiffs voluntarily dismissed the foreign-sovereign defendants and filed motions to
14   remand, arguing that (i) dismissal of the foreign-sovereign defendants eliminated the grounds for
15   removal under the FSIA, *id.* at *33, and (ii) the case, in any event, did not arise under or implicate
16   federal law, *id*. at *18-19. The parties agreed as a threshold matter that either the FSIA or federal
17   question may act as an independently sufficient basis for removal. *Id.* at *18.

18   While the court ultimately denied plaintiffs' motion to remand on the grounds the case
19   implicated a federal question, the court noted that "even assuming that the Edge Act did not
20   confer federal jurisdiction over the plaintiffs' claims, this [c]ourt could still retain jurisdiction
21   pursuant to the FSIA." *Id*. at *7. The district court further explained that:

> the general rule is that a defendant's right to remove a case to federal court
> is fixed at the time of removal . . . Therefore, the defendants have a cogent
> argument that they were entitled to remove the cases under the FSIA
> because majority foreign-owned defendants existed in the operative
> complaints *at the time of removal*.

25   *Id*. at *33-34 (emphasis added).

26   This bright-line rule that post-removal events do not divest the court of jurisdiction is
27   grounded not only in well over a half-century of precedent, but also in sound policy. If plaintiffs
28   were able to defeat jurisdiction by way of post-removal amendments or dismissal of parties, they

- 7 -

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO: 4:17-cv-03341-YGR

could unfairly manipulate judicial proceedings. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1408 (2007) (abrogated on other grounds) (noting post-removal amendments to complaints do not defeat federal jurisdiction and that "removal cases raise forum-manipulation concerns."); *Gillette v. Peerless Ins. Co.*, No. CV 13-03161 DDP (RZx), 2013 U.S. Dist. LEXIS 108547, at *8-9 (C.D. Cal. July 31, 2013) ("A plaintiff may not wait until her case has been removed to federal court to . . . manipulate the basis upon which removal was granted.  This longstanding rule is based on the policy that judicial economy, convenience, and fairness are sometimes best served when the federal courts retain jurisdiction."). These concerns dictate that courts guard against a plaintiff whose case has been removed to federal court and who then amends its pleadings and adds or dismisses parties in an attempt to manipulate its way back into state court.

Here, Sharp's tactic in dismissing the foreign-sovereign defendant *after* removal should play no part in this Court's determination of the motion to remand.  Rather, the motion to remand should be analyzed solely based on the FAC, as it was filed in the state court—with the parties named as defendants therein.

**IV.     THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE FSIA**

Examining the FAC as it was filed in the state court, the FSIA provides a complete and independent basis for this Court's subject matter jurisdiction over the entire case.  The FSIA grants federal district courts original jurisdiction over any civil action against a "foreign state," as that term is defined in 28 U.S.C. § 1603.  28 U.S.C. § 1330(a).  A foreign state, therefore, has the right to remove any civil action from a state court to a federal court.  28 U.S.C. § 1441(d).

The FSIA defines a "foreign state" to include an "agency or instrumentality" of a foreign state.  28 U.S.C. § 1603(a).  An "agency or instrumentality" of a foreign state is an entity which: (1) has a legal identity; (2) is either an "organ of a foreign state or political subdivision" or, as relevant here, has a "majority of . . . shares or other ownership interest [] owned by a foreign state or political subdivision thereof"; and (3) is neither a citizen of the United States nor created under the laws of any third country.  28 U.S.C. § 1603(b).

Hisense Co. is an "agency or instrumentality" of China.  Specifically, Hisense Co. is a

- 8 -

separate limited liability company, created pursuant to Chinese law; wholly and directly owned by the State-Owned Assets Supervision & Administration Commission of Qingdao Municipal Government, a political subdivision of the Chinese government; and is neither a citizen of the United States nor any third country. Chen Decl., ¶¶ 3-6. Sharp's own allegations in the FAC acknowledge that Hisense Co. was established by Chinese government authorities, and Sharp appears to concede in its motion that removal was proper. FAC, ¶ 26. Thus, as a foreign state under the FSIA, Hisense Co. properly removed the entire state court action to this Court.

Sharp's lengthy discussion urging this Court to refuse to exercise "discretion" to retain pendant claims is inconsistent with the law of this Circuit. The FSIA extends subject matter jurisdiction over an *entire* action; the court's exercise of jurisdiction over claims asserted against non-foreign sovereign parties is mandatory where the operative complaint is properly removed on FSIA grounds. *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407 (9th Cir. 1989) ("Congress opted to give foreign states the right to a federal forum, *and* the right to take non-consenting co-defendants along with them. At the very least, subsection 1441(d) expresses an intention to give sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of claims."); *Rubin v. Air China Ltd.*, No. 10-CV-05110-LHK, 2011 U.S. Dist. LEXIS 33942, at *7 (N.D. Cal. Mar. 21, 2011) ("Under Ninth Circuit law, [the foreign-sovereign defendant] was entitled to remove the entire action, including the claims against [the U.S.-entity defendant], based on the jurisdiction granted by 28 U.S.C. §§ 1441(d) and 1330."); *see also In re Surinam Airways Holding Co*., 974 F.2d 1255, 1260 (11th Cir. 1992) ("The language of § 1441(d) cannot be construed to grant the district court discretion whether to exercise this jurisdiction once it determines that § 1441(d) has been properly invoked."). Thus, because Hisense Co. correctly invoked this Court's jurisdiction under the FSIA, this Court retains jurisdiction over all parties and all claims. The inquiry ends here, and Sharp's motion should be denied on this basis alone.

## V. ALTERNATIVELY, THE ACTION IS PROPERLY BEFORE THIS COURT ON FEDERAL QUESTION JURISDICTION

As an alternative and independent basis in addition to the FSIA, the action is properly before this Court based on federal question jurisdiction, in that Sharp's unfair competition law claims are substantially predicated on alleged violations of federal laws and regulations. California unfair competition law prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Each prohibited act or practice constitutes a separate and distinct basis on which to assert a violation of Section 17200. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "In other words, a practice [may be] prohibited as unfair or deceptive even if not unlawful and vice versa." *Id*.

Specifically, to assert a claim for *unlawful* business practices, Section 17200 requires a violation of other laws and makes those violations actionable under the UCL. *Berryman v. Merit Prop. Mgmt.*, 152 Cal. App. 4th 1544, 1554 (2007). "Thus, a violation of another law is a predicate for stating a cause of action under the UCL's [Section 17200] unlawful prong." *Id*. Even though Section 17200 provides for an independent state-authorized remedy, when the law being violated is a federal law or regulation, the claim for unlawful business practices rests on resolution of the federal law. *Nat'l Credit Reporting Ass'n v. Experian Info. Sols., Inc.*, No. C 04-01661 WHA, 2004 U.S. Dist. LEXIS 17303, at *10 (N.D. Cal. July 21, 2004) (citing *People of the State of Cal., ex rel Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (affirming removal of Section 17200 claim because it was predicated on federal law)). "Such an unlawful claim may be removed because the federal law is essential to the plaintiff's claim." *Id*.

Here, the FAC's "unlawful" claim under Section 17200 asserts that defendants allegedly violated federal laws and regulations, in particular the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), 16 C.F.R., Part 410, and the Federal Communications Act, 47 U.S.C. §§ 151 *et seq*., 47 C.F.R. 15.109. Each of the federal laws relied on provides exclusive jurisdiction to the federal courts.[4]

---

[4] 15 U.S.C. § 45 rests initial remedial power solely in the FTC. Section 45(d) additionally provides: "Jurisdiction of court. Upon the filing of the record with it the jurisdiction of the [circuit] court of appeals of the United States to affirm, enforce, modify, or set aside orders of the

- 10 -

The entire FAC is based on these alleged violations of federal laws and regulations—they are not a mere afterthought. The FAC is replete with allegations invoking federal laws and regulations:

- "Defendants have manufactured, sold, advertised and/or distributed several of these [TV] models in California which *violate federal law and regulations*." FAC, ¶ 52;
- Sharp cites FCC standard, Part 15 subpart B Class B, Section 15.109, FAC, ¶ 55, and then alleges that Hisense "violated these FCC Emission standards" and "the vast majority of the [TV] models do not comply with the FCC Emission Standards." FAC, ¶¶ 57-58;
- Sharp also alleges a violation of the FTC Picture Tube Rule found in 16 C.F.R. Part 410. FAC, ¶¶ 61, 63;
- "Defendants' conduct described above constitutes unlawful, unfair, and fraudulent business practices." FAC, ¶ 102;
- Finally, Sharp asks for the Court to "declare that Defendants' conduct violates the statutes referenced herein." FAC, Prayer for Relief, ¶ D.

The cases Sharp relies on are distinguishable because the plaintiffs in those cases merely cited federal laws as additional support for their claims or asserted them as alternative claims. For example, in the *Hoekstra* case, the court noted the reference to federal law was merely "illustrative and not intended to stand as an independent cause of action." Pl's Mt. to Remand at 9 n.6 (citing *Hoekstra v. State Farm Gen. Ins. Co.*, 2013 U.S. Dist. LEXIS 18849, at *4 (N.D. Cal. Feb. 12, 2013). But Sharp's arguments ignore the allegations asserted in its FAC. Sharp did not merely mention federal laws and regulations as additional support for its claims, or include the federal violations as alternative theories. Rather, on the face of its FAC, Sharp alleged that defendants committed "*unlawful*, unfair, *and* fraudulent business practices." FAC, ¶ 102. Thus,

---

Commission shall be *exclusive*." 15 U.S.C. § 45(d) (emphasis added).

Under 47 U.S.C. § 401(a), the Federal Communications Commission ("FCC") may only enforce provisions of the Act by filing an action in the district courts of the United States. In addition, initial remedial power rests with the FCC. Appeals of such FCC orders must be filed exclusively with the United States Court of Appeals for the District of Columbia. 47 U.S.C. § 402(b).

- 11 -

1  Sharp asserted that defendants committed all three different types of wrongful conduct, and the
2  unlawful prong is predicated entirely on alleged violations of federal laws and regulations.  *See,*
3  *e.g., Nat'l Credit Reporting Ass'n*, 2004 U.S. Dist. LEXIS 17303, at *8.  Accordingly, as pleaded,
4  Sharp is requiring the trier of fact to determine whether defendants violated federal laws or
5  regulations, thereby establishing federal question jurisdiction.

6  **VI.    AT A MINIMUM, THIS COURT SHOULD EXERCISE SUPPLEMENTAL**
7  **JURISDICTION OVER THE REMAINING CLAIMS AND PARTIES**

8           Even if the Court were to look beyond the operative state court complaint and consider
9  Sharp's voluntary dismissal of Hisense Co. in analyzing the merits of the remand motion, this
10 Court should still exercise supplemental jurisdiction over the remaining parties and claims, and
11 hear the motion to compel arbitration or to stay or dismiss the entire action.  *See, e.g., Teck*
12 *Metals, Ltd. v. Certain Underwriters at Lloyd's*, No. CV-05-411-LRS, 2010 U.S. Dist. LEXIS
13 44881, at *23 (E.D. Wash. Mar. 29, 2010) ("The dismissal of the claims against [the foreign
14 sovereign defendant] did not eliminate supplemental jurisdiction over the pendent claims against
15 the non-foreign sovereign [d]efendants.  This court exercises its discretion to continue exercising
16 supplemental jurisdictional over the claims against the non-foreign sovereign [d]efendants.").

17          The Supreme Court has recognized that when the court dismisses a plaintiff's federal basis
18 for jurisdiction, it "retain[s] its statutory supplemental jurisdiction over the state-law claims."
19 *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).  The decision whether to
20 continue exercising supplemental jurisdiction lies within the district court's discretion.  28 U.S.C.
21 § 1367(c); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997).  Such discretion
22 involves a case-specific analysis, taking into account the values of "judicial economy,
23 convenience, fairness, and comity."  *City of Chi.*, 522 U.S. at 173.  Courts should also consider
24 whether plaintiff "engaged in any manipulative tactics" in order to return to state court.
25 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to
26 manipulate the forum, the court should take this behavior into account in determining whether the
27 balance of factors to be considered under the pendent jurisdiction doctrine support a remand in
28 the case.").

1        Sharp's gamesmanship strongly weighs in favor of this Court retaining jurisdiction over
2 the remaining claims and parties.  Indeed, Sharp's forum shopping is multilayered and egregious.
3 To start, Sharp and its counsel are pursuing this action in violation of an applicable mandatory
4 arbitration provision and in complete disregard for a pending arbitration.  An arbitrator has
5 already concluded from a well-developed record that Sharp must treat the TLA as being in full
6 force and effect notwithstanding its effort to terminate the agreement.  Hisense Co. submits that
7 the only explanation for bringing claims so clearly covered by an arbitration provision and a
8 pending arbitration is that Sharp does not care about the ultimate outcome of this case.  Instead,
9 the real purpose of this action is to publicly bad-mouth Hisense and bully it into giving up the
10 Sharp brand license.  Sharp's conduct with respect to the New York Action, further demonstrates
11 Sharp's game playing.  Sharp voluntarily dismissed the New York Action after it achieved its
12 purpose of publicly disparaging Hisense and generating negative national press against Hisense.
13 Sharp and its counsel know all of the foregoing, but nonetheless have pursued this action and
14 forced Hisense to incur attorney fees and expend resources.

15        Now, Sharp is attempting to manipulate this Court's jurisdiction by dismissing the
16 foreign-sovereign defendant, the ultimate parent company, which entity served as the basis for
17 removal under the FSIA.  Sharp's dismissal of Hisense Co. shows that Sharp will do anything
18 necessary to try to avoid federal court.  Sharp even appeared in this Court by filing a statement of
19 non-opposition to Defendants' motion to seal and filing a stipulation to extend the response dates
20 to defendants' motion to compel arbitration.  Sharp's abrupt dismissal of Hisense Co. is telling,
21 and Sharp's improper attempt to return to state court should not be permitted.

22        Lastly, this Court should retain jurisdiction, as the defendants have already responded to
23 the FAC by filing and briefing the motion to compel arbitration or stay or dismiss.  This Court is
24 particularly well positioned to adjudicate these issues, as the arguments arise under the FAA.
25 Supreme Court decisions over the last several decades ensure that the FAA's pro-arbitration
26 mandate is broadly interpreted and universally applied by the federal courts.  *See, e.g., AT&T*
27 *Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Dean Witter Reynolds Inc. v. Byrd*, 470
28 U.S. 213, 218 (1985); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25,

(1983). As such, even if the Court takes into account Sharp's recent post-removal voluntary dismissal of the foreign-sovereign defendant, it should exercise its discretion to retain supplemental jurisdiction over the remaining claims and parties.

### VII. CONCLUSION

For the reasons stated above, this Court should deny Sharp's motion to remand this action to state court. Hisense Co. properly removed this case under the FSIA. Sharp's abrupt voluntary dismissal of the foreign-sovereign defendant after removal in an effort to manipulate its way back into state court should play no part in this Court's analysis of the motion to remand.

Alternatively, this Court can and should retain jurisdiction on the grounds that the Section 17200 claims are substantially predicated on alleged violations of federal laws and regulations, invoking federal question jurisdiction.

Lastly, even if this Court were to consider the dismissal of the foreign sovereign defendant in its analysis of the remand motion (though it should not), given Sharp's gamesmanship and forum shopping tactics, this Court should exercise its discretion to retain supplemental jurisdiction over the remaining claims and parties.

Dated: July 14, 2017                             WHITE & CASE LLP

                                                 By:   */s/ Matthew P. Lewis*
                                                         Matthew P. Lewis

                                                 Attorneys for Defendants
                                                 Hisense Co., Ltd; Hisense USA Corporation;
                                                 Hisense Electric Co. Ltd.; and Hisense USA
                                                 Multimedia R&D Center, Inc.; and Hisense
                                                 International (Hong Kong) America Investment
                                                 Co., Ltd.