United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHARP CORPORATION,**<br>Plaintiff**,**<br>vs.<br>**HISENSE USA CORPORATION, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-03341-YGR<br>**ORDER DENYING MOTION FOR REMAND**<br>Re: Dkt. No. 35 |

Plaintiff Sharp Corporation ("Sharp") originally filed this action on May 9, 2017, in the Superior Court of the State of California, County of San Francisco, asserting a single claim against defendants Hisense Co. Ltd., Hisense USA Corp, Hisense Electric Co, Hisense USA Multimedia R&D Center, Inc. On June 9, 2017, Hisense Co. Ltd. removed the action to federal court on two grounds: federal jurisdiction under the Foreign Sovereign Immunities Act (FSIA) based on Hisense Co. Ltd.'s status as a wholly owned by a foreign state; and federal question based on a federal predicate for Sharp's 17200/UCL claim. After removal, Sharp filed an amended complaint dismissing Hisense Co. Ltd. as a defendant and adding two more state law claims and defendant Hisense International.

Presently before the Court is Sharp's Motion to Remand. (Dkt. No. 35.) The matter was fully briefed and argued on August 15, 2017. After the hearing on the motion, the Court sought additional information concerning Hisense Co. Ltd.'s status as an "agency or instrumentality" of a foreign state, as set forth in 28 U.S.C. § 1603(b)(2). The parties filed their supplemental papers, which the Court has considered. Having considered the papers filed in support of and in opposition to the motion, the admissible evidence, and the arguments of the parties, and for the reasons set forth herein, the Court **DENIES** the Motion for Remand.

Plaintiff Sharp moved to remand the case to the California state court, arguing that, because it dismissed Hisense Co. Ltd., there is no FSIA basis for jurisdiction over the remaining non-foreign state defendants, and there is no federal question jurisdiction for the 17200 claim. At most, Sharp argues, the Court would have discretion to exercise supplemental jurisdiction over the California law claims against non-foreign state defendants, which it should not do under the circumstances here. On reply, Sharp further asserted that Hisense Co. Ltd. had not established removal jurisdiction under the FSIA was proper in the first instance.

As previously stated, the Court finds that it must first determine the propriety of its jurisdiction at the time of removal, without regard to Sharp's later dismissal of defendant Hisense Co. Ltd., before considering whether it can exercise supplemental jurisdiction over the remaining defendants. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court obligation to examine *sua sponte* whether removal jurisdiction exists before deciding any issue on the merits); *Rains v. Criterion Systems, Inc.* 80 F.3d 339, 342 (9th Cir. 1996) (absence of federal subject matter jurisdiction may be raised at any time, even for the first time on appeal); *see also Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) (propriety of FSIA removal determined at the time of filing of the suit).

Section 1441(d) provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district." 28 U.S.C. § 1441(d). Section 1603 in turn provides:

> (a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
>
> (b) An "agency or instrumentality of a foreign state" means any entity--
>     (1) which is a separate legal person, corporate or otherwise, and
>     (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>     (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603. "[O]nly direct ownership of a majority of shares by the foreign state satisfies the statutory requirement." *Dole Food,* 538 U.S. at 474. A party claiming it is subject to the FSIA need only present a prima facie case that it is a foreign state, which shifts the burden to the opposing party to establish that it is not subject to the statute. *See Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 847(5th Cir. 2000) (burden shifting in the context of immunity from suit); *Cargill In't S.A.v. M/T Pavel Dybenko,* 991 F.2d 1012, 1016 (2d Cir. 1993) (same).

The Court finds that it had jurisdiction under the FSIA at the time of removal. Hisense Co. Ltd has offered evidence to establish a prima facie showing that it is "an agency or instrumentality of a foreign state." There is no dispute that Hisense Co. Ltd. is a separate legal person, not a citizen of the United States, satisfying subsections (b)(2) and (b)(3) of section 1603. As to subsection (b)(2), Hisense submits evidence from Liu Zhenshun, the head of Hisense Co. Ltd.'s legal department and its counsel since its formation seventeen years ago. (Zhenshun Decl., Dkt. No. 52-1.) Zhenshun avers that Hisense Co. is wholly and directly owned by the State-Owned Assets Supervision & Administration Commission of Qingdao Municipal Government ("SASAC-QMG"). (Zhenshun Decl. at ¶ 3.) Zhenshun asserts that SASAC-QMG is a political subdivision of the Chinese government. (*Id.*) Zhenshun provides authenticated copies of two documents: (1) Hisense Co. Ltd.'s Articles of Association, which state that it is a "state-owned sole proprietorship company" (Zhenshun Decl., Exh. A); and (2) a government record titled "Document of the People's Government of Qingdao Qingdao Government Release [2000] No. 46," which states that "Hisense Co., Ltd. is a state-owned sole proprietorship . . . and shall be a directly-controlled municipal enterprise." (Zhenshun Decl., Exh. B.)[1] The latter document states that Hisense Co.

---

[1] Sharp objects to the Zhenshun declaration on the grounds that the exhibits do not meet the business records exception to the hearsay rule. Fed. R. Evid. 803(6). The objections are **OVERRULED**. Zhenshun avers he has personal knowledge of the corporate structure and ownership of Hisense Co. from its inception. (Zhenshun Decl. ¶ 2.) He is a member of Hisense Co's legal department, and copies of the Articles of Association were retained under his supervision and control. (*Id.* ¶ 5.) The copies of the articles of association attached to the declaration are those filed with the municipal government, certified by the official municipal government registry, and correct based on Zhenshun's personal knowledge. (*Id.* ¶¶ 6, 7.) The Articles of Association are therefore admissible as business records under FRE 803(8). The government document at Exhibit B is admissible under FRE 803(8) as a public record.

Ltd. "is commissioned by the Municipal Government to manage state-owned assets." (Zhenshun Decl., Exh. B.)

The evidence before the Court thus establishes a prima facie showing that Hisense Co. Ltd. is wholly and directly owned by the municipal government of Qingdao, acting through its State-Owned Assets Supervision & Administration Commission.[2].

Sharp has not submitted evidence to contradict Zhenshun's statements. Instead it cites to *Emarat Maritime*, a Southern District of New York case, for the proposition that a declaration attesting to a corporation's status as wholly owned by a municipal SASAC is insufficient to establish that removal was proper. *Emarat Mar. LLC v. Shandong Yantai Marine Shipping*, No. 08 CIV. 6520 (RMB), 2009 WL1024317 (S.D.N.Y. Apr. 15, 2009). The decision does not support the proposition for which it is offered. In *Emarat Maritime*, defendant Grand China offered *its own* employee's declaration to establish the proposition that its alter ego, SYMS, was an entity wholly owned by the SASAC of Yantai City. *Id*. at 2. It further argued that, as the alter ego of SYMS, the evidence also established Grand China was "an agency or instrumentality of a foreign state." *Id.* The district court rejected the evidence stating that the "conclusory statement does not provide the Court with a sufficient legal basis or analysis to determine whether SYMS and/or Grand China is in fact and at law entitled to sovereign immunity." *Id.* The court made no determination as to whether a SASAC was or was not a political subdivision of the government of China.[3]

---

[2] *See also* Owen Nee, MERGERS AND ACQUISITIONS IN CHINA (6th ed), § 2:3 "State-Owned Assets Supervision and Administration Commission (SASAC)" ("China also set up state-owned assets supervision and administration bodies at the provincial and municipal levels. . . . Both the state-level and the local-level commissions fulfill the responsibilities of investors of state and local assets authorized by the State Council and the local government.)

[3] The Court notes that Sharp has alleged in this action that "Hisense [Co. Ltd.] is a Chinese [c]ompany set up in 1969 by Qingdao governmental authorities." (FAC ¶ 26.) Moreover, Sharp has filed another complaint against certain of the defendants here in the District Court of the District of Columbia, alleging that: "Hisense International is affiliated with Hisense Co., Ltd., which is wholly-owned by a political subdivision of the Chinese government." (*Sharp Corp. v. Hisense USA Corp.*, Case No. 1:17-cv-01648-JEB (D.D.C.), Dkt. No 1, filed August 15, 2017, at ¶ 10 (emphasis supplied).) That action concerns a challenge to an order issued in the pending arbitration proceedings between Sharp and "Hisense" before the Singapore International Arbitration Centre. (*Id.* at ¶ 3.)

Based upon the evidence offered by Hisense, and the lack of contradictory evidence offered or identified by Sharp, the Court finds that the record supports removal in the first instance under 28 U.S.C. section 1441(d).

The Court now turns to the consequences, if any, of the dismissal of Hisense Co. Ltd. after removal. Generally, a district court must look at the complaint at the time of removal to determine whether it has subject matter jurisdiction, and later changes to the pleadings do not impact removal jurisdiction. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Removal under the FSIA extends jurisdiction to all defendants, even if only one defendant is a foreign sovereign, at least where there is "minimal diversity among the remaining parties." *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407 (9th Cir. 1989). Here, there is at least minimal diversity among the remaining parties, even with dismissal of Hisense Co. Ltd. Thus, the basis for the Court's jurisdiction would remain. *Teledyne*, 892 F.2d at 1407.

Further, even if the court were to consider the dismissal of defendant Hisense Co. Ltd. to eliminate the original basis for removal jurisdiction, it would still have the discretion to exercise its supplemental jurisdiction over the remainder of the action. *See In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1260 (11th Cir. 1992) (if court loses the basis for removal jurisdiction under section 1441(d), court has discretion to whether to remand under principles in section 1367); *Teck Metals, Ltd. v. Certain Underwriters at Lloyd's London*, No. CV-05-411-LRS, 2010 WL 1286364, at *4 (E.D. Wash. Mar. 29, 2010) (upon dismissal of foreign sovereign, court applies the factors underlying section 1367(a), including considerations of judicial economy, fairness, and convenience). Exercise of supplemental jurisdiction takes into account the particular circumstances of the case, and considers "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 361 (1988)). Here, the circumstances of the case—a dispute between foreign companies, currently the subject of a pending arbitration in Singapore, and a pending motion to compel arbitration of the complaint herein—weighs strongly in favor of this Court retaining jurisdiction to determine the propriety of arbitration expeditiously.

Based upon the foregoing, the motion to remand is **DENIED**.[4]

The Court will address the pending motions of the Hisense defendants to compel arbitration and for sanctions by separate order.

This terminates Docket No. 35.

**IT IS SO ORDERED.**

Dated: October 18, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Because the Court finds that it continues to have jurisdiction based upon the FSIA and supplemental jurisdiction, it does not reach the alternative grounds offered by Hisense, that the claim under California Business & Professions Code section 17200 establishes federal question jurisdiction because a federal law predicate for the claim was alleged.

6